46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio E. NONESCO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70482.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 12, 1995.*
Decided: Jan. 17, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and King,** District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 Antonio Nonesco petitions this court for review of a Board of Immigration Appeals (BIA) deportation order denying his application for asylum or withholding of deportation. We deny his petition.
 
 
 4
 We review the BIA's factual findings under the substantial evidence standard. Abedini v. United States I.N.S., 971 F.2d 188, 191 (9th Cir. 1992). We must uphold the BIA's decision that Nonesco did not qualify for asylum unless "the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Acewicz v. United States I.N.S., 984 F.2d 1056, 1061 (9th Cir. 1993). To qualify for asylum, Nonesco had to show that he had an objectively reasonable "well-founded fear" of persecution should he return to the Philippines. 8 U.S.C. Sec. 1101(a)(42)(A) (1994); Fisher v. I.N.S., 37 F.3d 1371, 1375 (9th Cir. 1994) (per curiam).
 
 
 5
 The BIA's decision that Nonesco did not have an objectively reasonable "well-founded" fear of prosecution is supported by substantial evidence. Nonesco has not shown how the killing of merchant marines on his ship was linked to their political beliefs, or why it should be regarded as evidence that he will be persecuted because of his political beliefs when he returns to the Philippines. Moreover, although Communist rebels seem to know Nonesco's family, Nonesco has not stated how this acquaintance supports his fear that Communists will persecute him. Finally, Nonesco has not shown that the person who said that he would kill Nonesco for refusing to give money to the Communist cause was definitely a Communist and knew where Nonesco lived. Because we believe that the BIA's determination that Nonesco did not have an objectively reasonable fear of persecution should he return to the Philippines is supported by substantial evidence, we uphold its decision that Nonesco was not a "refugee" who qualified for asylum.
 
 
 6
 To qualify for withholding of deportation, an alien must demonstrate a "clear probability" of persecution should he be deported, or that it is more likely than not that he or she will be persecuted upon deportation. Acewicz, 984 F.2d at 1062. Because Nonesco could not demonstrate a "well-founded" fear of persecution, it is axiomatic that he did not meet the "clear probability" standard for withholding of deportation. Rodriguez-Rivera v. United States Dep't of Immigration and Naturalization, 848 F.2d 998, 1005 (9th Cir. 1988). Therefore, we uphold the BIA's decision that Nonesco did not qualify for withholding of deportation.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3